(No. 2552— )

BUTLER BROTHERS, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

C. VICTOR CARDOSE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The complaint herein alleges that claimant, on January 24, 1933, sold and shipped to the Kankakee State Hospital, 609 yards of muslin at a price of Twenty Five and 12/100 ($25.12) Dollars plus freight of Fifty-two Cents (52c) or a total of Twenty Five and 64/100 ($25.64) Dollars; that said sale was made at the request of the Kankakee State Hospital through its Managing Director; that shipment was made from Chicago, as evidenced by Way Bill No. 20247 via Illinois Central Railroad Company, arriving at Kankakee January 26, 1933, and that the merchandise was delivered and signed for by R. Webb, an agent or employee of the Hospital. According to the Hospital records, Richard Webb was a truck driver for the Hospital at that time and one of his duties was to call for freight at the Illinois Central Depot. Due to the fact that the Hospital, through apparent error and omission, failed to have any record of the authorization for this purchase or its having been received by the Institution, the claim when presented was not paid. However the Hospital records further show that in going over the store's perpetual inventory records, there was inventoried into the store stock on August 11, 1933, as a correction of inventory, 589 yards of 36" unbleached sheeting.

Due to the change in the management of the Institution more definite information is lacking in the record. Butler Bros. have no signed order for the merchandise in question showing that it was purchased by the authority of some responsible person, and in the absence of any record that it was actually delivered to the Institution in question and used by it, the court is without authority to authorize payment for such merchandise. It is strange that the Institution records are entirely silent as to the merchandise having been received and the only indication that such might have been the fact is that a shipping receipt was signed by one R. Webb. To

charge the State with the cost of goods sold, it is essential that such sale be shown to have been made upon authority of someone duly authorized to make such purchase, or it must appear without question that the merchandise was actually received by some State Department or Institution, purchased in the regular and legal course of its operation. Under the record appearing in this case such an award cannot be made, and the claim is hereby dismissed.